IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| FABIAN PAREDES ALVAREZ | § | |
| VS. | § | CIVIL ACTION NO. 1:20cv121 |
| UNITED STATES OF AMERICA | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Movant Fabian Paredes Alvarez, a federal prisoner, proceeding *pro se*, filed this Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Factual Background and Prior Proceedings

On October 11, 2017, in the United States District Court for the Eastern District of Texas, following a plea of guilty pursuant to a written plea agreement, movant was convicted of one count of Conspiracy to Possess With Intent to Distribute 500 Grams or More of Methamphetamine, in violation of 21 U.S.C. § 846. *See United States v. Alvarez*, No. 1:16cr73-1 (E.D. Tex. Oct. 11, 2017). As a result of movant's plea of guilty to Count One of the Indictment, Count Two charging movant with use and carry of a firearm during and in relation to a drug trafficking crime was dismissed on motion by the Government. *Id.* at ECF No. 105. The district court sentenced movant to a term of 324 months' imprisonment, five years' supervised release, and a $100 special assessment. *Id.*

Movant filed a direct appeal of his conviction. The Fifth Circuit granted the Government's motion for summary dismissal and dismissed the appeal on April 30, 2019. *United States v. Alvarez*, 764 F. App'x 425 (5th Cir. 2019).

## The Motion to Vacate

Movant brings this motion asserting that trial counsel rendered ineffective assistance by negotiating and advising him to accept a plea agreement that included a waiver of his right to appeal certain contested sentencing enhancements. Movant states counsel objected to the enhancements in the Presentence Report, and counsel challenged the enhancements at sentencing. Movant contends, however, that counsel should have also requested an exception that would have allowed him to appeal the district court's findings as to the application of the enhancements to his sentencing guideline range.

## The Response

The respondent was ordered to show cause why relief should not be granted. In response, the respondent contends movant's claim of ineffective assistance is without merit. Accordingly, the respondent asserts that the motion to vacate should be denied.

## Standard of Review

There are four separate grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255: (1) The sentence was imposed in violation of the constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; and (4) the sentence is "otherwise subject to collateral attack." *See* 28 U.S.C. § 2255(a); *see also United States v. Cates*, 952 F.2d 149, 151 (5th Cir.), *cert. denied*, 504 U.S. 962 (1992).

"Challenging a conviction and sentence with a section 2255 motion is 'fundamentally different from a direct appeal.'" *United States v. Samuels*, 59 F.3d 526, 528 (5th Cir. 1995) (quoting *United States v. Drobny*, 955 F.2d 990, 994 (5th Cir. 1992)). After conviction and exhaustion or waiver of any right to appeal, a criminal defendant is presumed to stand fairly and finally convicted. *United States v. Shaid*, 937 F.2d 228, 231-232 (5th Cir. 1991) (en banc), *cert. denied,* 502 U.S. 1076 (1992). "Thus, on collateral attack, a defendant is limited to alleging errors of a 'constitutional or jurisdictional magnitude.'" *Samuels*, 59 F.3d at 528 (quoting *Shaid*, 937 F.2d at 232). Relief under § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if condoned, would result in a complete miscarriage of justice. *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992). Nonconstitutional claims that could have been raised on direct appeal, but were not, may not be asserted in a 28 U.S.C. § 2255 proceeding. *Id.*

Analysis

*I.  Plea Agreement*

In this case, movant pleaded guilty pursuant to a written plea agreement. Movant's plea agreement advised him of his rights, the nature of the charges against him, and contained a limited waiver of the right to appeal or otherwise challenge his conviction and sentence. Paragraph One of movant's written plea agreement provides:

> 1. **RIGHTS OF THE DEFENDANT**: The defendant understands that accused individuals have the following rights, among others:
>
>    a.   to plead not guilty;
>
>    b.   to have a trial by jury;

  c.  to have guilt proved beyond a reasonable doubt;

  d.  to confront and cross-examine witnesses and to call witnesses in defense; and

  e.  to not be compelled to testify against oneself.

Paragraph Two provides:

  2. **WAIVER OF RIGHTS AND PLEA OF GUILTY**: The defendant waives these rights and agrees to enter a plea of guilty to Count One of the indictment, which charges a violation of 21 U.S.C. § 846, conspiracy to possess with intent to distribute 500 grams or more of a mixture or substance containing methamphetamine. The defendant understands the nature and elements of the crime to which guilt is admitted and agrees that the factual statement the defendant has signed is true and will be submitted as evidence.

Paragraph Three of the plea agreement provides:

  3. **SENTENCE**: The maximum penalties the Court can impose include:

  a.  imprisonment for a period of not less than 10 years, and not to exceed life;

  b.  a fine not to exceed $10,000,000, or twice any pecuniary gain to the defendant or loss to the victim(s);

  c.  a term of supervised release of at least 5 years, which may be mandatory under the law and will follow any term of imprisonment. If the defendant violates the conditions of supervised release, the consequence could be imprisonment for the entire term of supervised release;

  d.  a mandatory special assessment of $100.00, which must be paid by cashier's check or money order to the United States District Clerk before sentencing [delete "before sentencing" if the defendant is indigent];

  e.  forfeiture of property involved in or traceable to the criminal offense;

  f.  restitution to victims or to the community; and

      g.    costs of incarceration and supervision.

Paragraph Four of the written plea agreement provides:

> 4. **COURT'S SENTENCING DISCRETION AND ROLE OF THE GUIDELINES**: The defendant understands that the sentence in this case will be imposed by the Court after consideration of the U.S. SENTENCING GUIDELINES MANUAL (U.S.S.G. or guidelines). The guidelines are not binding on the Court, but are advisory only. The defendant has reviewed the guidelines with defense counsel, but understands that no one can predict with certainty the outcome of the Court's consideration of the guidelines in the case. The defendant will not be allowed to withdraw the plea entered pursuant to this agreement if the sentence is higher than expected, so long as it is within the statutory maximum. The defendant understands that the actual sentence to be imposed is solely in the discretion of the Court.

Paragraph Five of Movant's written plea agreement provides:

> 5. **GUIDELINE STIPULATIONS:** The parties stipulate to the following factors that affect the appropriate sentencing range in this case:
>
>     a.    The bases offense level pursuant to U.S.S.G. § 2D1.1 is 34.
>
>     b.    The parties agree that the following specific offense characteristic(s) in U.S.S.G. § 2D1.1 applies:
>
>         (1)    U.S.S.G. § 2D1.1(b)(1), possession of a firearm, allowing for a two level increase
>
>     c.    The parties cannot agree and will argue the application of specific offense characteristics U.S.S.G. § 2D1.1(b)(12) (maintaining a premises for manufacturing or distributing a controlled substance) and 2D1.1(b)(13)(D)(manufacture of methamphetamine and created a substantial risk of harm to the life of minor[).]
>
>     d.    The adjustment of U.S.S.G. § 3C1.2 (reckless endangerment during flight) applies, providing for an increase of two levels.
>
>     e.    A reduction of two levels of acceptance of responsibility under U.S.S.G. § 3E1.1 applies; however, this stipulation is subject to recommendation of the United States Probation Office and the other provisions of this plea agreement. **If circumstances indicating that the defendant has not**

>  accepted responsibility become known after execution of this agreement, this stipulation is void and the defendant may object to the failure of the presentence report to recommend the reduction.  **The government's request to decrease the offense level by <u>one</u> additional level in accordance with U.S.S.G. § 3E1.1(b) is contingent on the defendant demonstrating acceptance of responsibility for the offense conduct and cooperating fully in recovering restitution for all relevant conduct.**

> The parties understand that the Court is not bound by these stipulations. Furthermore, the parties specifically agree that other specific offense characteristics or guideline adjustments may increase or decrease the appropriate sentencing range. Nothing in this agreement will preclude argument by either party regarding any other specific offense characteristic or guideline adjustment.

Paragraph Nine of Movant's written plea agreement provides:

> 9. **GOVERNMENT'S AGREEMENT**: The United States Attorney for the Eastern District of Texas agrees not to prosecute the defendant for any additional non-tax-related criminal charges based upon the conduct underlying and related to the defendant's plea of guilty.  After sentencing, the government will dismiss any remaining charges against this defendant.

Paragraph Eleven of Movant's written plea agreement provides:

> 11. **VOLUNTARY PLEA:** This plea of guilty is freely and voluntarily made and is not the result of force, threats, or promises other than those set forth in this agreement.

Paragraph Twelve of Movant's written plea agreement provides:

> 12.   **WAIVER OF RIGHT TO APPEAL OR OTHERWISE CHALLENGE SENTENCE**:   Except as otherwise provided in this paragraph, the defendant waives the right to appeal the conviction, sentence, fine, order of restitution, or order of forfeiture in this case on all grounds.  The defendant further agrees not to contest the conviction, sentence, fine, order of restitution, or order of forfeiture in any post-conviction proceeding, including, but not limited to, a proceeding under 28 U.S.C. § 2255.  The defendant, however, reserves the right to appeal any punishment imposed in excess of the statutory maximum.  The defendant also reserves the right to appeal or seek collateral review of a claim of ineffective assistance of counsel.

Paragraph Fifteen of Movant's written plea agreement provides:

>       15. **REPRESENTATION OF COUNSEL:** The defendant has thoroughly reviewed all legal and factual aspects of this case with defense counsel and is fully satisfied with defense counsel's legal representation. The defendant has received satisfactory explanations from defense counsel concerning each paragraph of this plea agreement, each of the defendant's rights affected thereby, and the alternatives to entering a guilty plea. After conferring with counsel, the defendant concedes guilt and has concluded that it is in the defendant's best interest to enter this agreement rather than proceeding to trial.

Paragraph Seventeen of Movant's written plea agreement provides:

>       17. **ENTIRETY OF AGREEMENT**: <u>This Plea Agreement consists of this document and the sealed addendum required by Local Rule CR-49. Reference in this document to "agreement" or "Plea Agreement" refer to both this document and the sealed addendum.</u> The defendant, the defendant's attorney, and the government acknowledge that this agreement is a complete statement of the parties' agreement in this case. It supersedes all other plea agreements and may not be modified unless the modification is in writing and signed by all parties. No other promises have been made or implied.

*Alvarez*, No. 1:16cr73 (ECF No. 79).

II.     *Voluntariness of the Plea*

A defendant may, as part of a valid plea agreement, waive his statutory right to appeal his conviction on direct appeal and under 28 U.S.C. § 2255, if the waiver is knowing and voluntary. *United States v. Wilkes*, 20 F.3d 651 (5th Cir. 1994); *United States v. Melancon*, 972 F.2d 566 (5th Cir. 1992). The plea agreement will be upheld where the record clearly shows the defendant read and understood it and that he raised no question regarding any waiver-of-appeal issue. *United States v. Portillo*, 18 F.3d 290 (5th Cir. 1994). "[A]n ineffective assistance of counsel argument survives a waiver of appeal only when the claimed assistance directly affected the validity of the waiver or the plea itself." *United States v. White*, 307 F.3d 336, 343 (5th Cir. 2002). Appellate "waivers require dismissal if (1) the defendant's waiver was knowing and voluntary and (2) the waiver applies to the circumstances at hand, based on the plain language of the plea agreement." *United States v.*

*Meredith*, 52 F.4th 984, 986 (5th Cir. 2022) (citing *United States v. McKinney*, 406 F.3d 744, 746 (5th Cir. 2005). The Fifth Circuit has applied this inquiry to uphold waivers of appeal in a variety of contexts, including challenges to restitution, upward variances, and Guidelines enhancements. *Id.* (collecting cases).

In this case, movant specifically reserved the right to assert claims of ineffective assistance of counsel. Therefore, movant's claim against counsel is not waived and will be addressed below.

### III.     *Ineffective Assistance of Counsel*

Movant brings this motion to vacate, set aside or correct sentence asserting that his conviction and sentence should be vacated because he was denied the effective assistance of counsel during the plea process. Specifically, movant contends counsel should have requested an exception to the appellate waiver in the plea agreement that would have allowed him to appeal the district court's findings as to the application of the enhancements to his sentencing guideline range.

#### A.     Substantive Law

The Supreme Court has addressed the issue of what a movant must prove to demonstrate an actual ineffective assistance of counsel claim. *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L.Ed.2d 674 (1984). In order to show that counsel was ineffective a movant challenging counsel's performance must demonstrate the following:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted in a breakdown of the adversarial process that renders the result unreliable.

*Strickland,* 466 U.S. at 687. In order to demonstrate the first prong of this test, a movant must demonstrate that "'counsel's representation fell below an objective standard of reasonableness,' with reasonableness being judged under professional norms prevailing at the time counsel rendered assistance." *Andrews v. Collins*, 21 F.3d 612, 621 (5th Cir. 1994) (quoting *Strickland*, 466 U.S. at 688). To overcome the presumption that counsel provided reasonably effective assistance, movant must prove his attorney's performance was objectively unreasonable in light of the facts of Movant's case, viewed as of the time of the attorney's conduct. *Strickland*, 466 U.S. at 689-90. A reasonable professional judgment to pursue a certain strategy should not be second-guessed. *Jones v. Barnes*, 463 U.S. 745, 751-54 (1983).

In order to prove the prejudice prong, a movant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Day v. Quarterman*, 566 F.3d 527, 536 (5th Cir. 2009). "*Strickland* asks whether it is 'reasonably likely' the result would have been different." *Harrington v. Richter*, 562 U.S. 86, 131 S.Ct. 770, 791-92, 178 L.Ed.2d 624 (2011).

The burden of proof in a habeas corpus proceeding attacking the effectiveness of trial counsel is upon the movant, who must demonstrate counsel's ineffectiveness by a preponderance of the evidence. *See Martin v. Maggio,* 711 F.2d 1273, 1279 (5th Cir. 1983). A habeas petitioner must "affirmatively prove," not just allege, prejudice. *Day,* 556 F.3d at 536. If a petitioner fails to prove the prejudice part of the test, the court need not address the question of counsel's performance. *Id*. A reviewing court "must strongly presume that trial counsel rendered adequate assistance and that the challenged conduct was the product of a reasoned trial strategy." *Wilkerson v. Collins,* 950 F.2d

1054, 1065 (5th Cir. 1992). In determining the merits of an alleged Sixth Amendment violation, a court "must be highly deferential" to counsel's conduct. *Strickland,* 466 U.S. at 687.

Whether the representation was deficient is determined as measured against an objective standard of reasonableness. *Kitchens v. Johnson*, 190 F.3d 698, 701 (5th Cir. 1999). "A conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness." *United States v. Jones*, 287 F.3d 325, 331 (5th Cir. 2002) (quoting *Garland v. Maggio*, 717 F.2d 199, 206 (5th Cir. 1983)). "There is a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance." *Woodward v. Epps*, 580 F.3d 318, 329 (5th Cir. 2009) (quoting *Romero v. Lynaugh*, 884 F.2d 871, 876 (5th Cir. 1989)). To establish ineffective assistance of counsel, Movant must prove that counsel's performance was deficient and prejudicial. *See Strickland*, 466 U.S. at 687.

a.  Change of Plea Hearing

A review of the Change of Plea Hearing reveals movant was aware of his rights and voluntarily entered a plea of guilty. *See Alvarez*, No. 1:16cr73 (ECF No. 148). At the hearing, an interpreter was utilized for translation to assist movant in understanding the proceedings. Movant stated he was forty-one years old and had completed nine years of school. Movant acknowledged he was aware of his rights, such as the right to plead not guilty and receive a trial by jury, the right to assistance of counsel, he had a right to testify, he had a right to hear testimony against him, he had the right to compel the production of evidence, and he had a right to call and subpoena witnesses and cross-examine the witnesses called on behalf of the United States. Movant acknowledged his understanding of the waiver of these rights and had no questions for the court.

Movant was advised of the elements of the charge against him and acknowledged that he understood each of the elements for the count against him. Movant also acknowledged he understood these are the matters that the government is required to prove beyond a reasonable doubt in order to convict him if the case went to trial. Further, movant acknowledged that he understood the range of punishment for the count to which he was pleading guilty was a term of imprisonment for not less than ten (10) years but not more than life, a fine not to exceed $10,000,000.00 or up to double the amount of money gained from the offense or the victim lost, a term of supervised release of at least five years, and a special assessment of $100.00, forfeiture of property involved in the criminal offense, restitution and costs of incarceration. Movant acknowledged he understood the range of punishment to which he would be exposed and all possible consequences of his guilty plea.

Movant affirmed that he and his attorney had talked about how the advisory guidelines might apply to his case. Movant stated he understood that the court would not be able to determine his advisory guideline range until after the presentence report had been completed and both he and the Government had an opportunity to challenge the reported facts in the application of the guidelines recommended by the probation office. Movant also stated he understood that the sentence ultimately imposed may be different from any estimate his attorney may have given him and that the court has the authority in some circumstances to depart upward or downward from that range. Further, movant stated he had discussed the possible immigration consequences of a guilty plea with his attorney.

Movant acknowledged that he had fully discussed with his attorney the Indictment, the facts of this case and any possible defenses he may have. Movant stated he was satisfied with his attorney and was satisfied that counsel had fully thought about and considered his case. Counsel affirmed that he had fully and completely discussed each term of the plea agreement with movant.

Movant and his attorney signed the plea agreement confirming that it is the entire plea agreement, that no other promise has been made or implied, and that the agreement was entered into freely, voluntarily, and upon advice of counsel. Movant acknowledged at the change of plea hearing that he had gone over the plea agreement in its entirety with counsel, that he understood the terms of the plea agreement, and any questions he had counsel had answered to his satisfaction. Movant acknowledged that no one had made any promises to him in return for his entering a plea of guilty other than what is contained in the written plea agreement. Further, movant acknowledged no one had forced him, threatened him, or coerced him in any way to get him to plead guilty or accept the plea agreement.

Movant stated he had not been treated for any mental illness or addiction to drugs of any kind, was not currently under the influence of any drug, medication or alcoholic beverage. Additionally, both movant's counsel and counsel for the Government affirmed there was no reason to doubt movant's competence to plead guilty.

Movant also signed a Factual Basis in this case. Paragraph Five of the Factual Basis states the following: "[H]ad this matter proceeded to trial, the government, through the testimony of witnesses . . . and through exhibits, would have proven, beyond a reasonable doubt, each and every essential element of the offense alleged in the indictment; specifically, the government would have proven the following stipulated facts . . . ." *See Alverez*, No. 1:16cr73-1, Factual Basis (ECF No. 78 at *2). The following pages detailed his participation with several co-defendants concerning the possession, manufacture, and distribution of methamphetamine. Both movant and counsel signed the Factual Basis, acknowledging movant had read the Factual Basis and Stipulation and the Indictment, or had them read to him and had discussed them with his attorney. Movant

acknowledged that he fully understood the contents of the Factual Basis and Stipulation and agreed without reservation that it accurately describes the events and his acts, and he is knowingly and voluntarily agreeing to the stipulated facts. *Id.* at *7-8. While under oath at the Plea Hearing in this case, movant agreed that had read the Factual Basis and Stipulation, or had them read to him, had discussed them with his attorney, and fully understood the contents and agreed without reservation that it accurately describes the events and his acts. *See Alvarez*, No. 1:16cr73-1, Plea Hearing (ECF No. 148 at *13-15).

A review of the record in this case reveals that movant's current assertions are directly contradicted by his assertions made in open court under oath. The hearing transcript reveals that movant described in his own words the conduct which proved his guilt regarding the charged offense. Additionally, movant signed the Factual Basis which detailed movant's participation in the charged offense and acknowledged the government could prove these facts if he had gone to trial.

Movant's current assertions do not compel the conclusion that his plea was either unknowing or involuntary. "[A] defendant ordinarily will not be heard to refute [his] testimony given at a plea hearing while under oath." *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998). "'Solemn declarations in open court carry a strong presumption of verity,' forming a 'formidable barrier in any subsequent collateral proceedings.'" *United States v. Cervantes,* 132 F.3d 1106, 1110 (5th Cir.1998) (quoting *Blackledge v. Allison,* 431 U.S. 63, 73–74 (1977)). In light of the statements movant made as part of the plea agreement, the Factual Basis, and in open court, it cannot be concluded that movant's plea was involuntary or unknowingly entered. The record in this case demonstrates movant's plea was knowing, voluntary and intelligent.

To the extent movant attempts to argue counsel was ineffective for advising him to plead guilty under a plea agreement which did not include a provision preserving is right to appeal contested sentencing enhancements, he has failed to show counsel was ineffective. Both the record and the motion to vacate are absent any indication movant made counsel aware he wanted such a provision included in the plea agreement or that the Government would have agreed to the provision, if requested. Counsel's inability to foresee the district court's future sentence does not render counsel's representation ineffective. "Clairvoyance is not a required attribute of effective assistance." *United States v. Fields*, 565 F.3d 290, 295 (5th Cir. 2009); *Sharp v. Johnson*, 197 F.3d 282, 289 n.28 (5th Cir. 1997).

Additionally, movant has failed to show a reasonable probability that the outcome of the proceeding would have been different; thus, he has failed to make the requisite demonstration of prejudice. Movant has offered no indication the Government would have agreed to such a provision in the plea agreement. Further, as set forth above, the plea agreement states that the defendant understands that the actual sentence to be imposed is solely in the discretion of the court, and he was also advised of this at the Change of Plea Hearing. Finally, movant was sentenced to the lower end of the sentencing range, and the court specifically stated on the record that it found "the guideline calculations announced at the sentencing hearing to be correct, to the extent the guidelines may have been incorrectly calculated, the court would have imposed the same sentence without regard to the applicable guideline range in light of the factors set forth in 18 U.S.C. Section 3553(a)." *Alvarez*, No. 1:16cr73 (ECF No. 147 at *15). Thus, movant's allegations are insufficient to show a reasonable probability that, but for the alleged sentence calculation error, he would have received a lesser sentence. *See United States v. Whisman*, 757 F. App'x 391, 393 (5th Cir. 2019).

Movant has failed to show a reasonable probability that he would have succeeded on appeal had the plea agreement included the requested provision. Moreover, movant has failed to show counsel's alleged ineffective assistance affected his decision to plead guilty instead of going to trial and facing a possible life sentence on Count One in addition to a possible consecutive sentence of five years or more on Count Two. The record demonstrates movant's plea was knowing, voluntary and intelligent. Movant has failed to satisfy his burden of proof regarding either deficient performance or prejudice relating to his claim. Therefore, movant's claims are without merit and the motion to vacate should be denied and dismissed.

## Recommendation

Movant's motion to vacate, set aside or correct sentence should be denied and dismissed.

## Objections

Within fourteen days after being served with a copy of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *See Douglass v. United Services Automobile*

*Association*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

SIGNED this 12th day of December, 2022.

_____
Zack Hawthorn
United States Magistrate Judge